IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLYDE ELLIS, M.D.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12cv404 |
| | ) | **Electronic Filing** |
| **ALLEGHENY SPECIALTY** | ) | |
| **PRACTICE NETWORK**, a Pennsylvania | ) | |
| Not-for profit Corporation, and **WEST** | ) | |
| **PENN ALLEGHENY HEALTH** | ) | |
| **SYSTEMS**, a Pennsylvania Not-for-profit | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 1st day of February, 2013, upon due consideration of defendants' motion to dismiss Counts II, III, and IV of plaintiff's amended complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that [12] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted as to Count IV and denied in all other aspects.

Clyde Ellis ("Plaintiff") commenced this diversity action on July 19, 2012, seeking redress for breach of contract, violation of the Pennsylvania Whistleblower Statute, violation of the Medical Care Availability and Reduction of Error Fund, 40 Pa. C.S.A §1303.308(1) ("MCARE"), and wrongful discharge. Currently before the court is defendants' motion to dismiss the whistleblower, MCARE, and wrongful discharge claims.

Plaintiff is a resident of Alabama and was an employee of defendants by virtue of a contract of employment. Amended Complaint at ¶ 1. Defendant Allegheny Specialty Practice Network ("ASPN") is a wholly owned subsidiary of defendant West Penn Allegheny Health

System ("WPAHS") (collectively "defendants"). Id. at ¶ 2. At all relevant times, defendants received monies from the Commonwealth of Pennsylvania in the form of Medicare and MCARE funds. Id. at ¶ 15.

Plaintiff and defendants entered into an employment agreement which included the following provisions:

    A. The initial term of the agreement was for three years, beginning on July 1, 2012, with an automatic one year renewal term thereafter;
    B. termination for cause was permitted under limited circumstances; and
    C. termination of the agreement could not be undertaken without giving the nonterminating party the opportunity to cure.

Id. at ¶ 6.

While acting in the scope of employment, plaintiff was asked to continue certain treatment methods that had been instituted prior to plaintiff's arrival which he believed to be unethical, non-consensual, and below the current standard of care. Id. at ¶ 8. Plaintiff declined to perform the treatment methods and reported the conduct to his supervisor and defendants' internal compliance office, further informing the compliance officer that he intended to report the conduct to appropriate state agency(ies) regulating the standard of care owed to patients. Id. at ¶¶ 10-11.

On or about November 29, 2011, plaintiff was informed that his employment would be terminated effective on December 16, 2011. Id. at ¶ 13. Defendants did not inform plaintiff of the action(s) plaintiff allegedly took, or failed to take, which breached the agreement, nor did they give plaintiff an opportunity to cure. Id. at ¶¶ 13-14.

Defendants seek dismissal of plaintiff's causes of action for violation of the Whistleblower Statute (Count II), violation of MCARE (Count III), and wrongful discharge (Count IV). Defendants contend that plaintiff has failed to advance a cognizable claim under the Whistleblower Statute because neither defendant is a "public body" within the meaning of the

2

statute and/or the identified conduct is not sufficiently specific to support such a claim. Furthermore, plaintiff did not report an "incident" or a "serious event" or make a report within 24 hours, thereby precluding recovery under MCARE.  Finally, plaintiff assertedly cannot maintain a claim for wrongful discharge because he was not an at will employee.  Plaintiff maintains that he has set forth valid claims at each of these counts.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544.  In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In contrast, pleading facts that only offer "labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are merely consistent with a defendant's liability. Id.  Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere

3

possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed.1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

4

Plaintiff has properly pled that defendants are "Employers" under the Pennsylvania Whistleblower Statute. The Whistleblower Statute states in pertinent part:

a) **Persons not to be discharged.--**No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

43 P.S. § 1423. "Employer" is defined as a "person supervising one or more employees, including the employee in question; a superior of that supervisor; or an agent of a public body." Id. at § 1422. "Public Body" is defined as:

(1) A State officer, agency, department, division, bureau, board, commission, council, authority or other body in the executive branch of State government;

(2) A county, city, township, regional governing body, council, school district, special district or municipal corporation, or a board, department, commission, council or agency; and

(3) Any other body which is created by Commonwealth or political subdivision authority or which is funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body.

Id. Defendants are not included in the first two categories. The complaint does not allege the defendants were created by the Commonwealth or as a subdivision thereof. Accordingly, plaintiff must establish that defendants were funded in any amount by or through Commonwealth. Id.

The Supreme Court of Pennsylvania has not interpreted the phrase "funded [. . .] by or through." In the absence of a controlling opinion from a state's highest court on an issue of state law, a federal court must predict how that court would decide the issue. See City of Philadelphia v. Lead Industries Ass'n, Inc., 994 F.2d 112, 123 (3d Cir. 1993) ("When the state's highest court has not addressed the precise question presented, a federal court must predict how

5

the state's highest court would resolve the issue."). When predicting state law, a district court is to give due regard, but not conclusive effect, to the decisional law of lower state courts. And in doing so the opinions of intermediate appellate state courts are not to be disregarded unless the court is convinced by other persuasive data that the highest court of the state would decide otherwise. P. Employers Ins. Co. v. Global Reinsurance Corp. of Am., 693 F.3d 417, 433 (3d Cir. 2012) (internal quotations omitted); West v. AT & T Co., 311 U.S. 223, 237, (1940).

The issue raised is whether defendants can be found to be "public bodies" funded through the Commonwealth by virtue of defendants' receipt of Medicaid reimbursements and MCARE payments. In Riggio v. Burns, 711 A.2d 497 (Pa. Super. 1998), the *en banc* court determined that a private medical provider could be a "public body" under the Whistleblower Statute based upon its receipt of public money. In doing so, the court relied on the plain definition of a "public body" as set forth in the statute. Id. at 500; accord Hodges v. Rodriguez, 645 A.2d 1340, 1348 (Pa. Super. 1994) ("Where a statute provides internal definitions, we are bound to construe the statute according to those definitions."); 1 P.S. § 1903.

In Denton v. Silver Stream Nursing and Rehab. Ctr., the Superior Court extended the holding in Riggio and found that the "plain meaning of the language of the statute makes it clear that it was intended to apply to all agencies that receive public monies under the administration of the Commonwealth." 739 A.2d 571, 576 (Pa. Super. 1999). Thus, the statute extends to entities that receive funds that merely are administered by the Commonwealth. Id. The Denton court explained:

> We do not find that legislatively appropriated funds are the only monies that will create "public body" status under the Whistleblower Law. The statutory language differentiates between appropriated and "pass-through" funds and extends the law to cover both types: "[a]ny other body which is ... funded in any amount *by* or *through* Commonwealth...." 43 P.S. § 1422 (emphasis added). The Law clearly indicates that it is intended to be applied to bodies that receive not only money appropriated *by* the Commonwealth, but also public money that passes *through* the Commonwealth.

Id. (emphasis in original); accord Lee v. Comhar Inc., 244 Fed. Appx. 464, 467 (3d Cir. 2007) (same).

Plaintiff has alleged that defendants received public funds from the Commonwealth in the form of Medicare and MCARE. The setting and context of the parties' dispute lends credence to this averment and raises a reasonably founded expectation that discovery will reveal evidence to support this requirement.

Defendants' efforts to dismiss the violation of MCARE claim at Count III equally are unavailing. Pennsylvania's MCARE statute protects health care professionals from retaliatory action for reporting "incidents" or "serious events" to the appropriate safety officer. It provides in pertinent part:

> A health care worker who reasonably believes that a serious event or incident has occurred shall report the serious event or incident according to the patient safety plan of the medical facility . . . . The report shall be made immediately or as soon thereafter as reasonably practicable, but in no event later than 24 hours after the occurrence or discovery of a serious event or incident . . . . A health care worker who reports the occurrence of a serious event or incident in accordance with subsection (a) or (b) shall not be subject to any retaliatory action for reporting the serious event or incident and shall have the protections and remedies set forth in . . . the Whistleblower Law.

40 P.S. § 1303.308. An "incident" is defined as "[a]n event, occurrence or situation involving the clinical care of a patient in a medical facility which could have injured the patient but did not either cause an unanticipated injury or require the delivery of additional health care services to the patient." Id. at § 1303.302. A "serious event" is defined as "[a]n event, occurrence or situation involving the clinical care of a patient in a medical facility that results in death or compromises patient safety and results in an unanticipated injury requiring the delivery of additional health care services to the patient." Id.

Plaintiff asserts he was asked to continue treatment methods which were unethical, non-consensual, and below the standard of care. Amended Complaint at ¶ 8. The conduct allegedly

7

"violated the professional and ethical rules and regulations which govern the conduct of physicians practicing, and the operation of hospitals, in the Commonwealth of Pennsylvania, which constituted incidents regarding patient safety and care." Id. at ¶ 12. Given these perimeters, a reasonable inference can be drawn that the alleged conduct "could have injured the patient but did not either cause an unanticipated injury or require the delivery of additional health care services to the patient." 40 P.S. § 1303.302.

Similarly, defendants' contention that the incidents were not reported within 24 hours need not be addressed at this time. At this stage, a complaint need only contain factual matter, which when accepted as true, sufficiently states a claim to relief that is plausible on its face. Iqbal, B U.S. B, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Exactly what was reported and when any such repots were made are matters to be resolved after discovery.

Defendants' motion to dismiss plaintiff's claim for wrongful discharge has been granted because plaintiff had protections against arbitrary discharge through his employment contract and was not an employee at will. In Pennsylvania, it is presumed that an employee serves at the will of his employer and can be discharged for any reason or no reason. Raines v. Haverford College, 849 F. Supp. 1009, 1012 (E.D. Pa. 1994); Adams v. Budd Co., 583 F. Supp. 711, 713 (E.D. Pa. 1984); Jackman v. Military Publications, Inc., 350 F.2d 383, 385 (3d Cir. 1965); Cummings v. Kelling Nut Co., 84 A.2d 323, 325 (Pa. 1951). To overcome this presumption an employee must establish that the parties intended the relationship to last for a definite period of time, or the employee gave consideration in addition to his normal services. Bravman v. Bassett Furniture Industries, Inc., 552 F.2d 90, 93 (3d Cir.) cert. denied, 434 U.S. 823 (1977); Darlington v. General Elec., 504 A.2d 306, 314–315 (Pa. Super. 1986).

In Geary v. U. S. Steel Corp., the Pennsylvania Supreme Court recognized a narrow to the employment at-will doctrine; it held that an at-will employee can maintain a wrongful

discharge action where the termination violated a clear mandate of public policy. 319 A.2d 174, 176, 180 (Pa. 1974); Clay v. Adv. Computer Applications, Inc., 559 A.2d 917, 923 (Pa. 1989); Phillips v. Babcock & Wilcox, 503 A.2d 36, 37 (Pa. Super. 1986). The protections set forth in Geary, however, were limited to personnel not covered by labor agreements. Geary, 319 A.2d 174, 176, 180. Thus, under Pennsylvania law, a cause of action for the tort of wrongful discharge is not available when an employment contract adequately protects employees from arbitrary termination. Id.; Phillips, 503 A.2d at 38; Griffin v. Municipality of Kingston, 453 Fed. Appx. 250, 254 (3d Cir. 2011).

Under Pennsylvania law, an employment agreement will be recognized where both parties manifested a clear intent to be bound by its terms, the terms are sufficiently definite to be enforced, and the agreement is supported by consideration. Channel Home Centers, Grace Retail v. Grossman, 795 F.2d 291, 298–99 (3d Cir.1986). In this regard, "a specific 'length of time' is an essential element of any contract of employment, without which no cause of action will lie." Muscarella v. Milton Shoe Mfg. Co., Inc., 507 A.2d 430, 432 (Pa. Super. 1986). A promise of employment until a specific date is sufficiently definite to constitute employment for a specific term. See Jayne v. Archdiocese of Philadelphia, 1994 WL 112212, * 2 (E.D. Pa. March 25, 1994) ("A promise of employment until one's 65th birthday or until a specific date is sufficiently definite in nature to constitute employment for a specific term."); see also Murray v. Commercial Union Ins. Co., 782 F.2d 432, 435 (3d Cir. 1986) (recognizing the same); Engstrom, 668 F. Supp. at 359-60.

Here, plaintiff has pled sufficient facts to establish that the parties formed an employment contract for a definite term. Amended Complaint at ¶ 6. As a result, plaintiff was not an employee at-will and cannot maintain a claim for wrongful discharge. Consequently, defendants' motion to dismiss the wrong discharge claim has been granted.

Based on the foregoing, defendants' motion to dismiss has been granted as to Count IV. The motion to dismiss Counts II and III has been denied.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Joel S. Sansone, Esquire
Adam K. Hobaugh, Esquire
Robert W. Hartman, Esquire

(*Via CM/ECF Electronic Mail*)